IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAMANTHA BAILEY,

       PLAINTIFF,

v.

                             CASE NO.: 3:21-cv-3942

PRIMETIME PHYSICAL
THERAPY, INC.,

       DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Samantha Bailey, (hereinafter referred to as the "Plaintiff" or "Bailey"), sues the Defendant, Primetime Physical Therapy, Inc. (hereinafter referred to as the "Defendant" or "PPT"), and alleges as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, (USERRA), 38 U.S.C. §§ 4301 et seq., to correct unlawful employment practices and vindicate Plaintiff's rights to fair treatment and equal employment opportunities on the basis of service in the uniformed services.

2. Plaintiff is a member of the Air National Guard (Air Force) and during her employment with the Defendant was a qualified employee engaged in the uniformed services. Defendant interfered with and retaliated against Plaintiff

1

by refusing to reinstate her and thereafter terminating her employment for participating in the uniformed services.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323 (b).

4. Venue is proper in this district under 38 U.S.C. § 4323 (c)(2) and 28 U.S.C. § 1391, because Defendant maintains an office and conducts business in this district.

7. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the unlawful employment practices were committed in this judicial district and pursuant to 38 U.S.C. §§ 4301 *et seq*.

8. Plaintiff has complied with all conditions precedent to the filing of this suit.

## PARTIES

9. Plaintiff resides in Escambia County, Florida and is a citizen of the United States and a member of the Air National Guard (Air Force). She is an employee within the meaning of 38 U.S.C. § 4303 (3), and is a person entitled to the protection of this Act.

10. Defendant, Primetime Physical Therapy is a corporation, headquartered in Fort Walton Beach, Florida and is authorized to do and does business in the State of Florida, wherein it provides healthcare services. Defendant is an employer within the meaning of 38 U.S.C. § 4303(4) (A) (iii) and (14).

## FACTS

11. On December 10, 2019, Plaintiff began her employment with Primetime Physical Therapy at its Destin, Florida location.

12. Plaintiff is a member of the Air National Guard (Air Force).

13. In August 2020, Plaintiff informed Defendant that she had received Orders that would require her to deploy in January 2021.

14. Plaintiff provided Defendant with a copy of her orders at this time.

15. In October 2020, Plaintiff was transferred back to the Destin office.

16. Defendant's Office Manager (Jennifer Pratt) and Owners (Drs Cory and Shyla Scott) conversed and concluded that it would be best to move Plaintiff back to the Destin office so that it would be easier to cover while she was deployed.

17. Plaintiff informed Defendant that the last day of her employment before deploying would be December 31, 2020.

18. Plaintiff's last day of employment was December 31, 2020.

19. During her deployment, Defendant hired a replacement to fill her position.

20. Plaintiff was on active duty with the Air National Guard (Air Force) from January 2021 until May 2021.

21. On April 12, 2021, Plaintiff returned to the States post-deployment.

22. Upon her return, Plaintiff timely notified Defendant that her orders would be completed in May 2021 and that she was ready to return to work.

23. Plaintiff went into Defendant's Destin office, and spoke with Jennifer, and explained she would be available to return back to work in mid-May 2021.

24. On May 21, 2021, Plaintiff went into the Destin office to check in and inquire about a start date in terms of coming back to work.

25. Plaintiff was informed that Jennifer spoke with the Owners, and they wanted to hold off on bringing Plaintiff back right then and would let her know when Defendant could bring her back.

26. About two months later. on June 22, 2021, Plaintiff texted Jennifer about her reinstatement.

27. On July 29, 2021, Plaintiff went to the Destin office and spoke with Jennifer, again, about reinstating her.

28. Plaintiff was told that the Owners wanted to hold off because of the COVID numbers.

29. By mid-August 2021, Plaintiff had still not been reinstated to her prior position.

30. Plaintiff mentioned that she could not continue to be unemployed since her orders ended and if they couldn't or wouldn't bring her back soon, she was going to start looking for another job.

31. August 15, 2021, was Plaintiff's last day of employment with Defendant, as she had not been reinstated, so she was effectively constructively terminated and forced to seek employment elsewhere.

## FIRST CAUSE OF ACTION
*(Discrimination and Retaliation in Violation of 38 U.S.C. § 4311)*

32. Plaintiff restates and re-avers the allegations contained within Paragraphs 8 - 31 of the Complaint, as if fully set forth herein.

33. By and through, but not limited to, the events described above, Plaintiff was discriminated and retaliated against by Defendant on the basis of her military service with the Air National Guard (Air Force).

34. Plaintiff alleges that upon her return from active duty deployment, Defendant failed to reinstate her, effectively terminating her employment in violation of USERRA.

> 38 U.S.C. § 4311(a), provides in relevant part:
>
>> A person who is a member of . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment,

>   reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

35. Plaintiff left her employment with Defendant pursuant to order to serve an active duty oversees deployment for the Air National Guard (Air Force).

36. Plaintiff gave Defendant advance notice of her active duty deployment date and return date.

37. Upon her return stateside, Plaintiff timely notified Defendant of her return and intent to work.

38. Defendant did not reinstate Plaintiff and after several months of requesting reinstatement to her proper position, Plaintiff was forced to seek other employment.

39. Defendant's refusal to reinstate Plaintiff to her prior position violated USERRA, 38 U.S.C. § 4301 et seq.

40. As a direct and proximate result of Defendant's acts, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, inconvenience and other pecuniary losses.

41. Plaintiff has been injured by Defendant's violation of USERRA and is thereby entitled to recover lost wages and benefits in an amount to be determined as well as an equal amount in liquidated damages. Plaintiff is further

entitled to recover her attorney fees and litigation expenses in prosecuting this matter.

## *PRAYER FOR RELIEF*

WHEREFORE, the Plaintiff prays that the Court grant the following relief:

a) Declare Defendant in violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA).

b) Order Defendant to reinstate Plaintiff to her prior position of employment without a break in service or change in shift or hours worked, or if such reinstatement is not feasible, to order Plaintiff compensation for lost earning capacity and future earnings and benefits.

c) Order Defendant to make Plaintiff whole by compensating her for past and future pecuniary losses, including expenses, lost past earnings and benefits of employment, and medical and health care expenses caused by Plaintiff's loss of employment opportunity.

d) Order Defendant to pay Plaintiff liquidated damages.

e) Award Plaintiff the costs of her suit and reasonable attorney's fees, costs and expert witness fees pursuant to 38 U.S.C. § 4323(h)(2).

f) Order Defendant to pay prejudgment interest and post judgment interest in all amounts due to Plaintiff as a result of this action.

g) Directing the Defendant to take such affirmative action as is necessary

to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

h) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i) Awarding Plaintiff front pay in lieu of reinstatement;

j) Awarding Plaintiff compensatory damages;

k) Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and,

l) Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December 8, 2021.   By:   Respectfully submitted,
/s/ Clayton M. Connors
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A

Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff